[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this residential summary process action, the plaintiff housing authority seeks to dispossess the defendant on the basis CT Page 12425 that she failed to maintain her utilities in violation of the lease and the applicable building and housing codes. The defendant moves to dismiss the action on the grounds that the plaintiff failed to provide her with notice required by federal law.
Facts
A pretermination notice was sent to the defendant on June 2, 1995, with a termination date of July 3, 1995. The Notice to Quit was served on July 11, 1995, and provided a quit date of July 25, 1995. The reasons for the Notice to Quit were for lease violations under Section 2(b) (failure to maintain utilities) and failure to comply with building and housing codes materially affecting health and safety.
It is undisputed that the subject premises are subsidized under the federal low income housing program. Accordingly, the plaintiff is bound by the provisions of 42 U.S.C. § 1437d et seq., and 24 C.F.R. § 966 et seq., in terminating the tenancy. The defendant claims that 1) if the Notice to Quit is the termination notice required by federal law it is defective because it fails to provide thirty day notice, and 2) if the pretermination notice is the termination notice required by federal law, it is defective because it does not inform the tenant of her right to examine the housing authority documents.
Discussion
A defective notice to quit deprives the court of subject matter jurisdiction, because, as a condition precedent to summary process action, a proper notice to quit is required. Lampasona v.Jacobs, 209 Conn. 724, 730 (1989). Moreover, this tenancy is characterized as a federal low income housing so that underJefferson Garden Associates v. Greene, 202 Conn. 128, 143 (1987), the plaintiff landlord must prove compliance with all the applicable preconditions set by state and federal law for the termination of a lease. If there is not compliance with these state and federal laws, this court lacks subject matter jurisdiction and the action will be dismissed. 202 Conn. At 143;Windsor Properties, Inc. v. The Great Atlantic and Pacific TeaCompany, Inc., Doc. No. 7901-0228, H-50, p. 7 (6/13/79)(Spada, J.)("The consequence of failure to comply with the statutory standards in a summary process action deprives the court of jurisdiction to hear the action.") CT Page 12426
The defendant does not contest plaintiff's compliance with the state laws and the court finds that the plaintiff has complied with C.G.S. §§ 47a-23 and 47a-15. The parties also agree that the applicable termination notice required under federal law is thirty days. 24 C.F.R. § 966.4(l). The court finds that, because it provides less than thirty days to the quit date, the Notice to Quit in this case is deficient as such notice. The remaining issue is the omission of language required under 24 C.F.R. § 966.4(1)(3)(ii) from the pretermination notice:
 The notice of lease termination to the tenant shall state specific grounds for termination, and shall inform the tenant of the tenant's right to make such reply as the tenant may wish. The notice shall also inform the tenant of the right (pursuant to § 944.4(m)) to examine PHA documents directly relevant to the termination or eviction.
While the Notice to Quit does contain such language, the June 2, 1995 pretermination notice does not inform the defendant of her right to examine documents.
The plaintiff argues that under Jefferson Garden this omission does not deprive the court of subject matter jurisdiction. In Jefferson Garden the Supreme Court found that alleged deficiencies in the termination notice required under 24 C.F.R. § 450.4 (a) and 24 C.F.R. § 886.128 (a) were minor deviations from the language of the federal regulations and found that the notices "sufficiently complied" with those regulations.202 Conn. 147-148. It is significant that Jefferson was decided after a trial on the merits, rather than on a motion to dismiss. Based upon the record through trial the Supreme Court concluded that the plaintiff had proven good cause for the termination of the lease. That finding was critical to its consideration of the alleged deficiencies:
 When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary process eviction proceedings because of hyper technical dissection of the wording of the notices he has sent.[Citations omitted] Proceeding from these principles, we conclude that the plaintiff in this case sufficiently established the preconditions CT Page 12427 for its action for summary process. The most important of these conditions is that the plaintiff prove good cause for termination of a lease.
202 Conn. At 145.
In this Motion to Dismiss, the court cannot make a finding regarding good cause. However, based upon the fact that the plaintiff omitted any information to the defendant as to her right to examine the documents until the Notice to Quit, the court finds Jefferson inapplicable on its facts. In Jefferson,
the plaintiff addressed all of the federally required provisions in its notice.[1] Here, the plaintiff omitted any reference to the federally mandated provision regarding the right to examine documents. Such an omission is not a minor deviation nor does the notice substantially comply with the regulations.
In cases where the deficiencies in the notice are minor deviations and "sufficiently comply" with the regulations, when landlords have complied with the statutory timetables, and there is found after trial good cause for the termination, summary process should proceed. Where the deficiencies in the federal and state notices are substantial and significant, the summary process must halt. "[T]he judicial appraisal of a landlord's compliance with both state and federal requirements for notices of termination must reflect the purpose that the notices were meant to serve." 202 Conn. At 145. In this case, the omission of the federally mandated language defeats the purpose of the notice and accordingly deprives the court of subject matter jurisdiction.
The Motion to Dismiss is granted
Alexandra Davis DiPentima, Judge